**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARIA STRAWTER,** | : | **No. 3:25-CV-1547** |
| | : | |
| **Plaintiff** | : | **(Caraballo, M.J.)** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK J. BISIGNANO, Commissioner of Social Security Administration,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

## I. Introduction

Plaintiff Maria Strawter seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, respectively. The Court has jurisdiction pursuant to Title 42, United States Code, Section 405(g), and Title 28, United States Code, Section 636(c).

Strawter raises three primary challenges to Administrative Law Judge ("ALJ") Howard Kauffman's determination that she was not

disabled under the Social Security Act. Specifically, Strawter contends that ALJ Kauffman erred by: (1) failing to resolve or explain an inconsistency in his assessment of Strawter's mental limitations; (2) failing to resolve or explain an inconsistency concerning Strawter's migraines; and (3) improperly assessing her credibility. Doc. 13 at 3. The matter is fully briefed and ripe for decision. As explained below, the material inconsistencies between ALJ Kauffman's assessment of Strawter's mental impairments and residual functional capacity do not permit meaningful judicial review. Accordingly, the Court vacates the Commissioner's decision to deny Strawter's claims for disability insurance benefits and SSI remands this case for proper resolution of the incongruencies.

## II. Background[1]

On July 6, 2023, Strawter applied for disability insurance benefits and SSI, alleging disability beginning July 2, 2020,[2] due to glaucoma,

[1] As the parties and the Court are well-acquainted with the facts underlying this appeal, the Court only provides a brief summary of the procedural history, and addresses the pertinent facts in the discussion below.

[2] During the hearing, the alleged onset date of disability was amended to July 12, 2023. Tr. 85.

cataracts, latice degeneration, astigmatism, osteoarthritis, arthritis in spine, tear in right rotator cuff, colitis, IBS, anxiety, and diabetes. Tr. 322. The Social Security Administration denied Strawter's application on January 1, 2024, *id.* at 118-30; 131-40, and again upon reconsideration on August 30, 2024. *Id.* at 141-66.

On February 26, 2025, ALJ Kauffman issued a decision concluding that Strawter was not disabled. *Id.* at 29-43. Strawter appealed to the Social Security Appeals Council on February 27, 2025. *Id.* at 279-81. The Appeals Council denied her request on April 4, 2025. *Id.* at 12-18. The instant appeal followed. Doc. 1. The parties then filed their respective briefs, leaving this matter ripe for decision. Docs. 13-14, 16.

## III. <u>Discussion</u>

### A. Standard of Review

Review of the Commissioner's decision denying a claimant's application for social security disability benefits is limited to determining whether the factual findings of the final decisionmaker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008).

Substantial in this context is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). Put more pointedly, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In an adequately developed record, this can mean "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n.*, 383 U.S. 607, 620 (1966) (citations omitted).

Under this deferential standard, "[f]actual findings which are supported by substantial evidence must be upheld." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) (citations omitted); 42 U.S.C. § 405(g). This Court's role is not to re-weigh the evidence and make factual determinations, but to simply review the record and ensure that the ALJ provided "a discussion of the evidence and an explanation of reasoning for her conclusion sufficient to enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009)

(citations and quotations omitted). An ALJ meets that standard by stating "in her decision which evidence she has rejected and which she is relying on as the basis for her finding." *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 433 (3d Cir. 1999) (citations omitted). Moreover, when there is countervailing evidence, an ALJ must "give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted); *see also Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (holding that substantial evidence standard is unmet when the ALJ fails to resolve conflicts created by countervailing evidence).

**B. The ALJ's Decision Contains Material Inconsistencies That Necessitate Remand.**

Strawter posits that remand is warranted because ALJ Kauffman neither explained his exclusion of mental limitations in Strawter's residual functional capacity nor reconciled inconsistencies in his assessment of her mental impairments. Doc. 13 at 15. The Commissioner responds that the ALJ's reference to moderate mental limitations constituted a harmless scrivener's error. Doc. 14 at 13.

An ALJ's disability determination must meet basic substantive benchmarks, the most significant of which is "a requirement that the

ALJ adequately explain the legal and factual basis for this disability determination." *Winters v. Saul*, 2021 WL 963472, at *7 (M.D. Pa. 2021). To facilitate meaningful judicial review, an ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981); *see also Domasiewicz v. Bisignano*, 2026 WL 1122606, at *1 (M.D. Pa. 2026) ("This duty of articulation is essential to informed judicial review of agency decision-making since, in the absence of a well-articulated rationale for an ALJ's decision, it is impossible to ascertain whether substantial evidence supported that decision."). There must be "a logical nexus between the ALJ's factual findings and legal conclusion." *Domasiewicz*, 2026 WL 1122606, at *11.

For the Court to properly exercise its duty under 42 U.S.C. § 405(g), "[i]t is incumbent upon the examiner to make specific findings— the court may not speculate as to his findings." *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974) (citation omitted). Thus, "unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an

abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citation and quotations omitted). Here, the Court finds that ALJ Kauffman failed to satisfy the burden of articulation due to material inconsistencies between his assessment of Strawter's mental impairments and residual functional capacity.

At step two of the sequential disability determination process, ALJ Kauffman concluded that "[Strawter]'s medically determinable mental impairments of depression, anxiety, and post-traumatic stress disorder, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." Tr. 32. In reaching this conclusion, the ALJ analyzed four broad areas of mental functioning set forth in the disability regulations, known as the "paragraph B" criteria, and assessed that Strawter had no limitations in her ability to understand, remember, or apply information; and concentrate, persist, or maintain pace. *Id.* at 33. The ALJ found mild limitations in

Strawter's ability to interact with others and adapt or manage herself. *Id.*

At the outset, it is important to note that Strawter does not appear to challenge ALJ Kauffman's step two conclusion that she has no more than mild limitations in the four "paragraph B" criteria for mental functioning. Rather, she challenges the ALJ's failure to reconcile this finding with other portions of the decision. Doc. 13 at 16. In the Court's view, the step two finding is supported by substantial evidence. The ALJ examined longitudinal medical records and a November 2023 mental status evaluation that described Strawter, in part, as "fully oriented," possessing "coherent and goal directed thought processes . . . , average intellectual functioning, appropriate general fund of information, fair insight, and fair judgment," and not suffering from delusions or paranoia. Tr. 33-34; 808-21. Further, there is no categorical rule requiring an ALJ to incorporate mental limitations into a residual functional capacity, even if the ALJ assesses that a claimant suffers from mild impairments. *See e.g. Nelson v. Bisignano*, 2025 WL 2713743, at *21 (M.D. Pa. 2025) (affirming denial of disability benefits despite mild limitation findings at step two because "the ALJ's decision

not to include mental limitations in the RFC was both adequately articulated and supported by substantial evidence"); *Lankford v. O'Malley*, 2024 WL 5078104 (M.D. Pa. 2024).

However, the Court of Appeals instructs that, when assessing "whether an ALJ has sufficiently articulated a rationale for the mental and emotional components of a claimant's residual functional capacity," a reviewing court must be able to discern a valid explanation for the limitations imposed. *Domasiewicz*, 2026 WL 1122606, at *1 (citing *Hess v. Comm'r Soc. Sec.,* 931 F.3d 198, 211 (3d Cir. 2019)). Where the ALJ's decision contains unexplained, material inconsistencies, meaningful judicial review is precluded. *See Winters*, 2021 WL 963472, at *8 (remanding in part due to "patent inconsistencies between the ALJ's weighing of the opinion evidence and the RFC that was crafted"). So too is the case here. Notwithstanding his step two determination, when assessing the medical opinions of state agency psychologists, Erin Nicole Urbanowicz, Psy.D. (Tr. 122), and John David Gavazzi, Psy.D. (Tr. 160)—both of whom agreed that Strawter suffered no more than mild mental limitations—ALJ Kauffman noted the following:

> **The undersigned finds these prior administrative medical findings persuasive only insofar as they**

> **indicate that there are indeed some limitations** in the areas of: understanding, remembering, and applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing oneself. Accordingly, **in the residual functional capacity assessment above, the undersigned has used more specific, vocationally defined, and policy compliant language to express the moderate limitations arising from the claimant's mental impairments**.

*Id.* at 40 (emphases added). As Strawter correctly notes, Doc. 13 at 16, even though ALJ Kauffman acknowledged the need to address Strawter's mental limitations when formulating her residual functional capacity, the ultimate determination was devoid of any such limitations.[3] Tr. 35; *see Riley v. Colvin*, 2014 WL 4796602, at *4 (M.D. Pa. 2014). Immediately after signaling an intent to impose mental limitations *beyond* those opined by the medical experts, the decision further complicates the Court's review:

---

[3] ALJ Kauffman formulated the following residual functional capacity, which incorporated only physical restrictions: "[T]he undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) and she can frequently balance, stoop, kneel, crouch, and crawl; occasionally climb ramps and stairs; and never climb ladders, ropes, or scaffolds. She cannot reach overhead with her right upper extremity. She can occasionally perform far acuity on the right; and can avoid ordinary hazards in the workplace, read ordinary newspaper and book print, view a computer screen, and determine difference in shape and color of small objects such as screws, nuts, or bolts." Tr. 35.

> **Insofar as they state the claimant has no limitations** understanding, remembering, or applying information; mild limitations interacting with others; no limitations concentrating, persisting, or maintaining pace; **and mild limitations** adapting or managing herself; **these statements are persuasive** as they are supported by their detailed analysis of the evidence of record available to them (B1A/5; B4A/5). These statements are also consistent with the claimant's activities of daily living, she can use public transportation; shop by computer; manage money; read; and spend time with others by phone, video chat, and text (B9E). Further, Dr. Urbanowicz and Dr. Gavazzi are highly qualified experts who had the opportunity to review the claimant's records.

Tr. 40 (emphases added). The ALJ's decision, therefore, gives rise to two material inconsistencies: (1) whether Strawter suffers from moderate or mild mental limitations; and (2) whether ALJ Kauffman intended to include any mental limitations in Strawter's residual functional capacity. The remainder of the decision neither resolves nor acknowledges the ambiguity surrounding Strawter's mental impairments and the resulting residual functional capacity. Accordingly, remand is necessary to clarify this portion of the decision.

Moreover, the Court cannot dismiss these discrepancies as mere scrivener's errors, notwithstanding the Commissioner's contrary position. Doc. 14 at 13. In the Commissioner's view, a "full and fair

reading" of the ALJ's decision evinces that its reference to moderate limitations was inadvertent. *Id.* at 13-14. Although the Court recognizes this possibility, it cannot speculate as to the ALJ's intent or supply a rationale that the ALJ did not supply himself. *Baerga*, 500 F.2d at 312 ("[T]he court may not speculate as to [the ALJ's] findings."); *see also Neifert v. Kijakazi*, 2022 WL 17627869, at *3 (M.D. Pa. 2022) ("When confronted with such material inconsistencies in an ALJ's RFC evaluation it has been held that concluding that the RFC ultimately found by the ALJ in her written decision was simply a scrivener's error would require this Court to improperly speculate about the ALJ's intent.").

In general, application of the scrivener's error doctrine is limited cases involving transcription or typographical errors. *Neifert,* 2022 WL 17627869, at *3; *see also Nelson*, 2025 WL 2713743, at *16 (finding a harmless scrivener's error where the ALJ misnamed medical experts but properly discussed the substance of their opinions). "[C]ourts are reluctant to apply the [] doctrine when the apparent contradictions in an ALJ's decision have the potential to materially affect the disability finding . . . . This principle applies with particular force to material

inconsistencies in the ALJ's description of a claimant's residual functional capacity." *Neifert,* 2022 WL 17627869, at *3.

Here, the inconsistencies concerning Strawter's mental functioning have the potential to materially prejudice her disability claims, as the regulations recognize that "[a] limited ability to carry out certain mental activities . . . may reduce the claimant's ability to do past and other work." 20 C.F.R. § 404.1545(c). At step five, ALJ Kauffman concluded that Strawter could perform past relevant work as a medical record clerk, and other semi-skilled and unskilled roles existing in significant numbers in the national economy. Tr. 41-42. Further proceedings are necessary to determine whether resolution of these inconsistencies would impact the ALJ's step five determination.[4]

## IV. CONCLUSION

For the reasons set forth above, the Court will **VACATE** the decision of the Commissioner and **REMAND** this case for further proceedings. A separate order shall follow.

---

[4] Because the Court has determined that remand is required to resolve the inconsistencies in the ALJ's assessment of Strawter's mental capacity, the Court declines to address her remaining challenges.

Date: October 23, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge